IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MARCUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-038 |
| | ) | |
| JACOB BEASLEY, Warden, and SGT. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARCUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-046 |
| | ) | |
| JACOB BEASLEY and SGT. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On August 9, 2024, the Clerk of Court opened a case in Plaintiff's name based on the submission of a new complaint; Plaintiff seeks to proceed *in forma pauperis* ("IFP") and seeks appointment of counsel in this newly opened case, CV 624-046. The complaint submitted in CV 624-046 raises allegations against two Defendants regarding a security concern on October 2, 2023, at Smith State Prison in Glennville, Georgia. CV 624-046, doc. no. 1. The same two Defendants are named in a previously filed case concerning the same

October 2, 2023, security concern, and Plaintiff has already been granted permission to proceed IFP in the prior case. CV 624-038, doc. nos. 1, 4.

Plaintiff's first complaint in CV 624-038 was signed by Plaintiff on May 10, 2024, but was not received and filed by the Court until July 19, 2024. See CV 624-038, doc. no. 1. Plaintiff's second complaint was dated July 26, 2024, only a week after the Court received his first complaint. CV 624-046, doc. no. 1. Upon examination of the complaints in each case, the Court concludes Plaintiff raises in each case the same claims, against the same two Defendants, concerning the same alleged security concern at Smith State Prison on October 2, 2023. Compare CV 624-038, doc. no. 1, with CV 624-046, doc. no. 1. The only substantive differences between the two complaints include some updated information related to exhaustion of administrative remedies and an increase in the amount of damages Plaintiff seeks in the later-filed complaint. Compare CV 624-038, doc. no. 1, pp. 4, 6, with CV 624-046, doc. no. 1, pp. 4, 6. Thus, it appears Plaintiff filed two cases based on the same set of events and naming the same Defendants on the assumption his first complaint was lost in the mail due to the significant delay between the mailing of Plaintiff's first complaint and its receipt by the Court.

Rather than proceed with two cases, resulting in Plaintiff being responsible for two, $350 filing fees, and because the cases are obvious duplicates, the Court **DIRECTS** the **CLERK** to file the newly filed complaint in CV 624-046 as an Amended Complaint in CV 624-038, and close CV 624-046. The motion to proceed IFP in CV 624-046 is **MOOT** because Plaintiff has already been granted such permission in CV 624-038. The Court further **DIRECTS** the **CLERK** to docket Plaintiff's motion for appointment of counsel, CV 624-046, doc. no. 3, as a pending motion in CV 624-038. Plaintiff must comply with the

Court's July 22nd instructions regarding submission of his IFP documentation. See CV 624-038, doc. no. 4. Upon receipt of Plaintiff's IFP documentation pursuant to the Court's July 22nd Order, Plaintiff's claims shall proceed in CV 624-038, subject to the standard frivolity review under 28 U.S.C. § 1915A.

SO ORDERED this 14th day of August, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA